UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br>    Plaintiff,<br>v.<br>J. BEDUSA,<br>    Defendant. | Case No. 22-cv-00670-HSG<br><br>**ORDER TO SHOW CAUSE WHY LEAVE TO PROCEED *IN FORMA PAUPERIS* SHOULD NOT BE DENIED**<br>Re: Dkt. No. 4 |

Plaintiff, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has requested leave to proceed *in forma pauperis*. Dkt. No. 4. For the reasons set forth below, the Court orders Plaintiff to show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

**DISCUSSION**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which was enacted, and became effective, on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is a frequent litigant. Plaintiff has filed at least thirty-nine cases in the Eastern District of California, *see, e.g., Trujillo v. Alvarez*, C No. 14-cv-00976-LJO-EPG; *Guillermo Trujillo Cruz v. Gomez, et al.*, C No. 15-cv-00859-EPG; *Cruz v. Biter, et al.* C No. 17-cv-00084-

AWI-MJS; *Cruz v. Valdez*, C No. 18-cv-00571; and *Cruz v. Chappuis*, C No. 19-cv-01467-WBS-EFB; and at least six cases in this district, including this case, *see Cruz v. Gutierrez*, C No. 19-cv-004726 HSG; *Cruz v. Kumbat*, C No. 19-cv-05825 HSG; *Cruz v. Pierston*, C No. 19-cv-08039 HSG; *Cruz v. Ford*, C No. 19-7649; *Cruz v. Ortiz*, C No. 20-cv-00176, and *Cruz v. Chandler*, C No. 20-cv-3421 HSG. This Court has previously found that Plaintiff has had at least three cases dismissed that count as "strikes"[1] and had not demonstrated that he qualified for the imminent danger exception. The Court therefore denied him leave to proceed *in forma pauperis* in these cases pursuant to 28 U.S.C. § 1915(g): *Cruz v. Gutierrez*, C No. 19-cv-004726 HSG; *Cruz v. Kumbat*, C No. 19-cv-05825 HSG; *Cruz v. Pierston*, C No. 19-cv-08039 HSG; *Cruz v. Ford*, C No. 19-7649; *Cruz v. Ortiz*, C No. 20-cv-00176, and *Cruz v. Chandler*, C No. 20-cv-3421 HSG. Because Plaintiff has suffered at least three cases dismissed that count as "strikes," pursuant to 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* in this action unless he demonstrates that he was in imminent danger of serious physical injury at the time he filed the complaint.

The complaint alleges that on September 21, 2021, when Plaintiff's property was returned to him upon his return to PBSP from being out-to-court, he discovered that much of his property was missing, including certain legal books and multiple hygienic items. Plaintiff alleges that defendant Bedusa intentionally stole these items in retaliation for Plaintiff filing suit against correctional officer Chandler in *Cruz v. Chandler*, C No. 20-cv-3421 HSG. The complaint alleges a past constitutional violation which has not caused Plaintiff physical injury. The complaint's allegations do not plausibly allege that plaintiff faced imminent danger of serious physical injury on or about January 23, 2022, the date he filed the complaint.[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (requiring plausible allegations of imminent danger of serious physical

---

[1] The Court found that the following cases counted as strikes: (1) *Trujillo v. Sherman*, C No. 1:14-cv-01401-BAM (PC), 2015 WL 13049186 (E.D. Cal. Apr. 24, 2015); (2) *Cruz v. Ruiz*, C No. 1:15-cv-00975-SAB-PC, 2016 WL 8999460 (E.D. Cal. Jan. 6, 2016); (3) *Cruz v. Gomez*, 2017 WL 1355872 (E.D. Cal. Feb. 3, 2017); (4) *Trujillo v. Gomez*, C No. 14-cv-01797 DAD DLB, 2016 WL 1704178 (E.D. Cal. Apr. 28, 2016); (5) *Trujillo v. Gonzalez-Moran*, C No. 17-15200 (9th Cir Aug. 21, 2017).

[2] In determining when a Section 1983 suit filed by a pro se prisoner is filed, the "mailbox" rule applies. *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009). A Section 1983 complaint is considered to be filed on the date a prisoner delivered it to prison authorities for forwarding to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). It appears from the envelope that the complaint was given to a correctional official for mailing on January 23, 2022. Dkt. No. 1-2 at 2.

injury).

## CONCLUSION

Accordingly, within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915(g). Failure to respond in accordance with this order will result in dismissal of this action without further notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated: 2/16/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge