UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>        Plaintiff,<br><br>    v.<br><br>J. BEDUSA,<br><br>        Defendant. | Case No. 22-cv-00670-HSG<br><br>**ORDER DENYING REQUEST FOR RECONSIDERATION**<br><br>Re: Dkt. No. 10 |

Plaintiff, an inmate housed at Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights action under 42 U.S.C. § 1983 against PBSP correctional officer Bedusa. Dkt. No. 1. On March 4, 2022, the Court denied Plaintiff leave to file *in forma pauperis* based on the three-strikes provision set forth in 28 U.S.C. § 1915, and dismissed the action for failure to pay the filing fee in full without prejudice to filing a motion to reopen if accompanied by the full filing and administrative fees. Dkt. No. 6. On March 17, 2022, Plaintiff filed a motion titled, "Motion to Correct Court Order of Dismissal," which the Court construes as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60. Dkt. No. 10. Plaintiff alleges that the Court erred in finding that he was not in imminent danger of serious physical injury because defendant Bedusa and Bedusa's coworkers have verbally threatened to physically assault and stab Plaintiff in retaliation for Plaintiff reporting serious employee physical misconduct regarding verbal threats and false accusations of sexual misconduct. Plaintiff alleges that this is an ongoing problem at PBSP. Plaintiff presents the following proof that he is in imminent danger of serious physical injury: a March 4, 2022 priority pass proving that on March 4, 2022, he had an interview with the Office of Internal Affairs regarding similar allegations which he submitted in a grievance; a Claimant Grievance Receipt acknowledgement dated Jan 31, 2022; a claimant grievance claims

decision response for Grievance No. 202018, dated February 1, 2022; and a January 15, 2022 decision on Grievance No. 208845. Plaintiff further alleges that the following cases prove that there is an ongoing pattern of prison officials, including defendant Bedusa, placing Plaintiff in imminent danger of serious physical injury: *Cruz v. Gonzalez, et al.*, C No. 22-cv-0177-AWI-BAK (E.D. Cal.), and *Cruz v. L. Italian, et al.*, C No. 22-cv-0106-JAK-E (C.D. Cal.). *See generally* Dkt. No. 10.

Rule 60(b) of the Federal Rules of Civil Procedure allows for relief from judgment on the grounds of mistake or any other reason that justifies relief. Fed. R. Civ. P. 60(b). Plaintiff has not set forth clear error, mistake, or any other grounds to warrant reconsideration. Plaintiff's allegation that defendant Bedusa and his co-workers at PBSP constantly threatened him verbally with assault does not plausibly allege that Plaintiff is constantly at risk for imminent danger of serious physical injury. Despite this allegedly being an ongoing problem for years, Plaintiff has not suffered any assault. Plaintiff's "proof" does not suggest, much less establish, that he is in imminent danger of serious injury. He has provided the Court with evidence that he has filed grievances regarding alleged threats against him by defendant Bedusa and other PBSP officers, but none of these grievances have been decided in his favor. Similarly, *Cruz v. Gonzalez, et al.*, C No. 22-cv-0177-AWI-BAK (E.D. Cal.), and *Cruz v. L. Italian, et al.*, C No. 22-cv-0106-JAK-E (C.D. Cal.). show that he has filed federal court actions alleging mistreatment by prison officials, but do not prove that prison officials are continuously mistreating him or putting him at risk of serious physical injury. In these two cases, Plaintiff was either denied leave to proceed *in forma pauperis* based on the three-strikes provision set forth in 28 U.S.C. § 1915(g) or the magistrate judge has recommended that he be denied leave to proceed *in forma pauperis* on that basis. *See Cruz v. Gonzalez, et al.*, C No. 22-cv-0177-AWI-BAK (E.D. Cal.), Dkt. No. 8 (Mar. 11, 2022) (recommending that Plaintiff be denied leave to proceed *in forma pauperis* based on Section 1915(g)); *Cruz v. L. Italian, et al.*, C No. 22-cv-0106-JAK-E (C.D. Cal.), Dkt. No. 4 (Jan. 21, 2022) (same; recommendation adopted by district judge).

Plaintiff's allegation that he is in imminent danger of serious physical injury due to the alleged verbal threats by defendant Bedusa and his co-workers is speculative at best. The Court

did not err in denying Plaintiff leave to proceed *in forma pauperis*. *See Andrews v. Cervantes*, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) ("assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful"). Accordingly, the Court DENIES Plaintiff's request for reconsideration. Dkt. No. 10.

This order terminates Dkt. No. 10. This case remains closed.

**IT IS SO ORDERED.**

Dated:   4/11/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

3