UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br>    Plaintiff,<br>  v.<br>J. BEDUSA,<br>    Defendant. | Case No. 22-cv-00670-HSG<br><br>**ORDER DENYING RENEWED REQUEST FOR RECONSIDERATION; DENYING RENEWED REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. Nos. 16, 17 |

Plaintiff, an inmate housed at Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against PBSP correctional officer Bedusa. Dkt. No. 1. On March 4, 2022, the Court denied Plaintiff leave to proceed *in forma pauperis* pursuant to the three-strikes provision set forth in 28 U.S.C. § 1915(g), and dismissed the action without prejudice for failure to pay the filing fee in full. Dkt. No. 6. On May 24, 2022, the Ninth Circuit dismissed Plaintiff's appeal pursuant to the pre-filing review order entered in Ninth Circuit Case No. 19-80161, finding that the appeal was so insubstantial as to not warrant further review. Dkt. No. 15. Now pending before the Court is Plaintiff's motion for reconsideration, Dkt. No. 16, and renewed request for leave to proceed *in forma pauperis*, Dkt. No. 17.

In his motion for reconsideration, Plaintiff argues that the Court should reconsider the dismissal of his action because defendant Bedusa successfully retaliated against him for filing a grievance and lawsuit against defendant Bedusa's co-worker Officer Chandler and for filing Grievance No. 172502 on October 3, 2021. Specifically, Plaintiff alleges that from October 3, 2021 through May 27, 2022, Defendant Bedusa threatened him with assault on a daily basis and then had Plaintiff assaulted on May 27, 2022. Plaintiff alleges that defendant Bedusa's daily threats and the May 27, 2022 assault prove that he was in imminent danger of serious physical

1   injury from defendant Bedusa on January 23, 2022, when this action was filed. *See generally* Dkt.
2   No. 16.

3   The motion for reconsideration is DENIED. Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted) (Rule 59(e) reconsideration motion); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (Rule 60(b) reconsideration motion). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his motion for reconsideration, Plaintiff alleges that, starting October 3, 2021, defendant Bedusa threatened him daily with assault, and that defendant Bedusa followed through on this threat by having Plaintiff assaulted on May 27, 2022. Plaintiff's motion for reconsideration relies on facts that were known to him at the time he responded to the Court's Order to Show Cause – that defendant Bedusa was threatening him daily with assault – and is therefore denied for failing to present newly discovered evidence. Plaintiff has not alleged (or demonstrated) clear error or an intervening change in the controlling law. Moreover, verbal threats, without more, are insufficient to demonstrate imminent danger of serious physical injury, especially here where the alleged verbal threats went on for months yet did not result in defendant Bedusa physically harming Plaintiff. Plaintiff provides no evidence, beyond his conclusory statement, that defendant Bedusa

orchestrated the May 27, 2022 assault.  The rules violation report for the May 27, 2022 assault indicates that the assault was carried out by inmates Robles and Lopez, and makes no mention of defendant Bedusa.  Plaintiff has provided no basis under Fed. R. Civ. P. 60(b) to support reconsideration of the Court's dismissal of his action pursuant to 28 U.S.C. § 1915(g).

In light of the Court's dismissal of the renewed motion for reconsideration, the Court DENIES Plaintiff's renewed motion for leave to proceed *in forma pauperis* as moot.  Dkt. No. 17.

This order terminates Dkt. Nos. 16, 17.

**IT IS SO ORDERED.**

Dated: 10/31/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge